IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SAMUEL B. SMITH,<br><br>*Petitioner*,<br><br>v.<br><br>**PAMELA JO BONDI**, *et al.*,<br><br>*Respondents*. | Civil No.: 1:25-cv-03482-JRR |

## ORDER

Petitioner Samuel B. Smith initiated this action with a Petition for Writ of Habeas Corpus on October 22, 2025. (ECF No. 1; the "Petition.") Petitioner alleges he is an individual civilly detained and confined by U.S. Immigration and Customs Enforcement; he challenges the lawfulness of his detention. *Id.* ¶¶ 19–22.

The All Writs Act permits courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Further, the Supreme Court recognizes "a limited judicial power to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action through the prescribed statutory channels." *F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (citing cases).

In order to preserve existing conditions and the potential jurisdiction of this court over this matter while the court determines the scope of its authority to grant the requested relief; to ensure Petitioner is able to participate in the adjudication of his request for habeas relief, including participation in court proceedings and access to legal counsel for such purpose; to ensure the court is able to evaluate the Petition (including any amendment thereto) based on his in-court testimony and other evidence that may be offered; and to ensure Respondents have a fulsome opportunity to brief and present arguments as they see fit:

As set forth on the record during the Scheduling and Status Conference held this 24th day of October 2025, for the foregoing reasons and in accordance with the court's authority under the All Writs Act,[1] it is this 24th day of October 2025:

**ORDERED** that Respondents, including all those acting for them or on their behalf, are enjoined from removing Petitioner from the United States or altering his legal status during the pendency of this action subject to further order of this court; and further it is

**ORDERED** that counsel for Respondents shall ensure a copy of this order is immediately and without delay transmitted to all necessary individuals to ensure strict compliance with this order; and further it is

**ORDERED** that Petitioner or Respondent may move to dissolve this order for good cause.

---

[1] During the status and scheduling conference held today, on inquiry of the court, Respondents objected to the court's entry of this order; the court overruled the objection. Respondents' objection was based on two grounds: 1) the court may not enter this order absent a finding that Petitioner satisfies the standard for a Rule 65 preliminary injunction per the factors set forth in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008); and 2) the court lacks jurisdiction over this action pursuant to 8 U.S.C. § 1252(g). As set forth above, this order is authorized pursuant to the plain language of 28 U.S.C. § 1651(a) in order, *inter alia,* that the Executive not unilaterally divest the court of jurisdiction over matters solely reserved for the court's Article III independent authority by virtue of action taken on Respondents' untested, unverified assertion that Petitioner may be removed.

Further, 8 U.S.C. § 1252(g) provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).

According to the Supreme Court, § 1252(g)'s jurisdictional bar "applies only to three discrete actions" identified in the section: commencement of removal proceedings, adjudication of removal cases, and execution of removal orders. *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). *Reno* further makes clear that it is "implausible that the mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings." *Id.* The Petition challenges Respondents' post-removal order detention; alleged failure to provide adequate medical care during his detention; and alleged failure to conduct an individualized custody review per 8 C.F.R. §§ 241.4, 241.13. Therefore, 8 U.S.C. § 1252(g) does not bar this court's authority to consider this action or to issue this order.

October 24, 2025

/S/
_____
Julie R. Rubin
United States District Judge